(No. 1610, April 28, 1914)

## LOUIS A. McRAE, Appellee, vs. WATER SUPPLY COMPANY of Albuquerque, New Mexico, Appellant.

### SYLLABUS BY THE COURT.

1. Where, under a franchise granted to a water company it is provided:

"Meter rates to consumers during the continuance of this franchise shall not exceed the following rates:

200 gallons or less daily, per 1,000 gallons....$ .35

Over 200 and less than 600 gallons daily, per 1,000 gallons ............ ........................$ .30"

and so on through the schedule of rates fixed by the franchise, the company is not authorized to charge a consumer, using more than 200 gallons daily, 35 cents per 1,000 gallons for the first 200 gallons used each day, but only to charge and collect 30 cents per 1,000 gallons on the total amount used, or such charge as it lawfully may make upon the class of consumers in which the amount used places the consumer.

P. 68

Appeal from the District Court, Bernalillo County. Herbert F. Raynolds, Presiding Judge. Affirmed.

A. B. McMILLEN, for Appellant.

Maximum Rate. 36 So. 63-64; 4 N. Y. 270; 50 Fed. 768; 9 Cyc. p. 590.

Where meaning of words used is plain and not ambiguous there is no room for construction, and it is duty of court to enforce the contract as it finds it. 170 U. S. 272-280; 175 U. S. 588-606.

If doubt or ambiguity as to meaning of words used, contract must receive reasonable construction and not one that would lead to unreasonable or absurd results. 21 How. 146-161; 107 U. S. 437-444; 149 U. S. 1; 186 U. S. 279-291; 151 U. S. 634-644; 9 Cyc. 587.

JOHN C. LEWIS, Attorney for Appellee.

Rule of Construction. 1 N. Y. 96.
            Reply to Brief of Appellee.
Franchise. 13 Peters 519; 106 Pac. 962, 968.

### OPINION.

ROBERTS, C. J.—The only question involved in this appeal, worthy of consideration, is the proper construction of that portion of the franchise, under which appellant is supplying water to the city of Albuquerque, and its inhabitants, relating to meter rates, which is as follows:

"Meter rates to consumers during the continuance of this franchise shall not exceed the following rates:

| | |
|---|---|
| 200 gallons or less daily, per 1,000 gallons | $ .35 |
| Over 200 and less than 600 gallons daily, per 1,000 gallons | $ .30 |
| Over 600 and less than 1,500 gallons daily, per 1,000 gallons | .27½ |
| Over 1,500 and less than 3,000 gallons daily, per 1,000 gallons | .25 |
| Over 3,000 and less than 10,000 gallons daily, per 1,000 gallons | .20 |

All other rates to be special."

The contention of the appellee was and is, that if the amount consumed is less than 200 gallons daily, a charge

of 35 cents per thousand gallons is correct; but if more than 200 gallons and less than 600 gallons were · used daily, even though it amounted to but 201 gallons per day, the price should be 30 cents per 1,000 gallons; and if over 600 and less than 1,500 gallons daily were used, even though the excess over 600 gallons was but one gallon, the whole of the water used should be computed at the rate of 27½ cents per 1,000 gallons, and so on through the schedule rates fixed by the franchise.

On the other hand, appellant contends that the charge should be made as follows:

Thirty-five cents per 1,000 gallons for the first 200 gallons or less used daily;

Thirty cents per 1,000 gallons for the excess over 200 and less than 600 gallons daily;

Twenty-seven and one-half cents per 1,000 gallons for the excess over 600 and less than 1,500 gallons daily, and so on through the schedule of rates fixed by the franchise.

Appellant exacted water rent from the appellee, upon its theory of the proper construction of the franchise, which amounted to $2.40 more than said charge would have been under appellee's construction, to recover which sum he instituted this action, and was successful in the lower court.

The views of the trial court, as to the proper construction of the provision above quoted, is clearly set forth in its finding of facts, from which we quote the following excerpt, viz:

"The court further finds that the method of calculation of water rates heretofore used by the defendant, that is to say, 35 cents per 1,000 gallons for the first 6,000, 30 cents per 1,000 gallons for the amount over 6,000 gallons and less than 18,000 gallons, and so on, is not warranted by the provisions of the franchise; but the court holds that the defendant should compute its water rates as follows:

Thirty-five cents per 1,000 gallons provided no more than 6,000 gallons are used in one month; but that if the amount consumed should exceed 6,000 gallons even by one gallon but does not exceed. 18,000, the computation

should be at the rate of 30 cents per 1,000 gallons for the whole amount consumed; and that if the amount consumed exceeds 18,000 gallons even by one gallon but does not exceed 45,000 gallons, the computation should be at the rate of 27½ cents for the whole amount of water consumed; and if the amount consumed should exceed 45,000 gallons even by one gallon and not exceed 90,000 gallons, the computation must be at the rate of 25 cents per 1,000 gallons for the whole amount of water consumed; and if the amount used exceeds 90,000 gallons even by one gallon, the computation must be at the rate of 20 cents per 1,000 gallons for the whole amount of water consumed."

Upon the hearing, the evidence adduced showed that the company, for sixteen years, had exacted water rents in accord with the finding made by the court, as to the proper construction of the franchise in that regard. In 1910, the management of the company was changed, and since that date water rentals have been collected under and pursuant to appellant's construction of this provision of the franchise.

Waiving the question as to whether the court could properly consider the uniform course of the company for sixteen years as a clew to the intention of the parties, in arriving at the proper construction of the provision, we are of the opinion that the language of the franchise fully justified the finding made by the court. Such being the case, there was no necessity of a resort to the rule that, when the words of a grant are ambiguous, the court will call in the aid of the acts done under it as a clew to the intention of the parties. Similar provisions are to be found in many of the franchises granted to water, light and gas companies by incorporated cities and towns, but no case has been called to our attention where a court has been called upon to construe the meaning of the language used. We think, however, that when the purpose of the provision is considered, its meaning becomes clear. It is a well known fact that the initial cost of constructing such plants, and being prepared at all times to supply the commodity as required, entails upon the company the main cost and expense. For instance, it costs practically the same

amount of money to install and equip a water works system where the consumers would each use 200 gallons per day, they having the right to use as much more as they desired and the company being required to furnish such excess as required, as it would to install and equip the same where each customer used regularly a larger amount. And such company must install, necessarily, engines, pumps and appliances capable of furnishing whatever amount the consumer may require. Each day it is required to operate its engines, pumps and appliances and keep the necessary supply available. Such being the case, the company is enabled to supply a much larger amount, at a minimum expense, over the fixed charge of operation. For this reason, it is the policy of all such companies, uniformly we believe, to encourage greater consumption of the commodity produced, by reducing the charge, as the consumption increases. In other words, by a sliding scale of prices, to encourage the consumers to use a larger amount and thereby obtain the benefit of the decreased price. Such we believe to have been the intention of the parties when the present franchise was granted and accepted. By the provision in question consumers were divided into five classes, and the rate to be charged each class was specified. It was provided that:

"Meter rates to consumers during the continuance of this franchise shall not exceed the following rates:"

For the first class, viz: consumers using 200 gallons or less daily, the charge should be at the rate of 35 cents per 1,000 gallons.

For the second class, viz: consumers using more than 200 gallons and less than 600 gallons daily, the charge should be at the rate of 30 cents per 1,000 gallons, and so on through the schedule of rates fixed by the franchise.

Each consumer of water necessarily falls within one of the named classes, and, the rate he must pay for his water depends upon the class, within which the amount of water used places him, and he can be charged for the service only the amount which may lawfully be exacted from water users within the given class.

We are of the opinion that the district court placed the

Sei v. Water Co., 19 N. M. 70

proper construction upon that portion of the franchise relating to meter rates, and the judgment will be affirmed, and it is so ordered.